UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUGH T. MCDONALD,

    Plaintiff,

vs.

NATIONAL CHURCH RESIDENCES
OF STERLING HEIGHTS, MICHIGAN,

    Defendant.
_____/

Case No. 18-10144

HON. GEORGE CARAM STEEH

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 4]

This matter has come before the court on defendant National Church Residences of Sterling Heights, Michigan's ("National Church") motion to dismiss plaintiff Hugh McDonald's complaint pursuant to Fed. R. Civ. Proc. 4(m) and 12(b)(1). In his complaint plaintiff alleges discrimination in violation of the Americans with Disabilities Act. The court has read the parties' briefs and does not believe that it will be further aided by oral argument. Now, therefore, for the reasons stated below, defendant's motion to dismiss is DENIED.

Plaintiff began his employment with National Church as a maintenance technician on December 21, 2015 and was discharged on September 28, 2016. Following his discharge, plaintiff filed an Intake

Questionnaire with the EEOC dated November 28, 2016. In the Questionnaire, plaintiff states that he was discriminated by National Church for failure to accommodate his disability. Plaintiff maintains that he filed an EEOC Charge, but cannot identify when that occurred because he does not have a copy of the document. Plaintiff does attach a letter from the EEOC stating: "Your charge of employment discrimination has been withdrawn in accordance with your request." This letter references "EEOC No: 471-2017-00620" and is dated January 25, 2017.

Plaintiff subsequently filed a Charge of Discrimination on July 31, 2017, requesting that his case be re-opened. The Charge includes the same number used previously by the EEOC. On August 22, 2017, the EEOC filed a Notice of Intent to Reconsider, announcing its decision to revoke the Withdraw. This Notice refers to "Charge Number 471-2017-00620". On October 10, 2017, the EEOC dismissed plaintiff's Charge and issued a right to sue letter, again using the same Charge Number.

Plaintiff filed his complaint in this case on January 11, 2018. At the time of filing plaintiff did not pay the filing fee. On January 12, 2018, a notice was issued by the court directing plaintiff to pay the filing fee within seven days, or to file an application to proceed *in forma pauperis*, or his

case would be subject to dismissal.  Plaintiff did not comply with the time restrictions in the court's notice, but eventually paid the filing fee on March 28, 2018, at which time he received a Summons.  Plaintiff mailed the Complaint and Summons to an entity related to National Church eight weeks later on May 22, 2018.

National Church filed its motion to dismiss in lieu of an answer on June 15, 2018.  National Church seeks dismissal of plaintiff's complaint for failure to timely serve and, in the alternative, for failure to timely file his EEOC Charge.

I. <u>Dismissal for Untimely Service</u>

Federal Rule of Civil Procedure 4(m) requires that service be made on a defendant within 90 days after the complaint is filed, or the court "must dismiss the action without prejudice . . . or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Plaintiff filed his complaint on January 11, 2018 and defendant was served on May 25, 2018.  Service was well past the 90 days established by Rule 4(m), which required service by April 11, 2018.

Plaintiff responds by stating he could not pay the filing fee until March 28, 2018, and suggests that his inability to pay, which was caused by his

wrongful discharge by plaintiff, constitutes good cause under Rule 4(m). Plaintiff does not explain why he was unable to serve defendant in the two weeks that followed his payment of the filing fee. Nor does plaintiff explain why he did not move for an extension of time to serve defendant before the 90-day period expired. Finally, plaintiff does not cite any authority to support his argument that his failure to pay the filing fee before March 28 constitutes good cause for his failure to timely serve defendant.

Rather than being "some mindless technicality," proper service of process is an essential prerequisite to the court gaining personal jurisdiction over the defendant. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson,* 826 F.2d 698, 704 (7th Cir. 1987)). The court must determine if plaintiff has shown good cause for failing to serve defendant within the 90-day period required by Rule 4(m). Establishing good cause is the responsibility of the party opposing the motion to dismiss—here, the plaintiffs—and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006) (citation omitted).

In this case, plaintiff's explanation goes only to why he was late in paying the court's filing fee. A consequence of not being able to pay was

that plaintiff could not obtain a Summons to complete service earlier. However, once he did obtain the Summons, plaintiff does not describe any effort made to effectuate service for two months. Given the general lack of legal or factual argument in plaintiff's briefs concerning good cause, the Court finds that plaintiff has failed to carry his burden.

However, the advisory committee's note to Rule 4(m) provides: "The new subdivision ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown...." Some courts in the Sixth Circuit have applied a non-binding, five-factor test to determine whether an extension of time is warranted. *See Tanksley v. Tennessee Valley Auth.*, 2017 WL 6391473, at *6 (E.D. Tenn. Dec. 14, 2017) (citations omitted). That test considers whether: (1) a significant extension of time is required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff made any good faith efforts at effecting proper service of process. *See id.*

The defendant was served in this case, albeit outside the 90-day time limit of the rule, so an extension of time is not at issue. The only issue is

whether the court should dismiss plaintiff's complaint without prejudice. The court is not aware of any prejudice that would result to defendant if the complaint is not dismissed, other than in having to defend the lawsuit. On the other hand, there is a significant likelihood that plaintiff's lawsuit would be time-barred if his compliant is dismissed. In keeping with the "overall policy in [the Sixth] Circuit of resolving disputes on their merits," rather than on the minutia of procedural rules, *Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D.Mich.2001) (quoting *Vergis v. Grand Victoria Casino & Resort,* 199 F.R.D. 216, 218 (S.D.Ohio 2000) (internal quotation marks omitted)), the court determines to relieve plaintiff of the consequences of dismissal for his failure to timely serve defendant.

II.  Dismissal for Lack of Subject Matter Jurisdiction

Federal law requires that an EEOC charge of discrimination be filed within 300 days after the unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). The EEOC Questionnaire filed by plaintiff is a prerequisite to filing a Charge and does not constitute a Charge for purposes of the 300-day time period. However, there is sufficient indicia from the evidence in this case that plaintiff intended to file, and likely did file, a Charge prior to withdrawing his said Charge on January 25, 2017. First, plaintiff checked the box in the Questionnaire that stated his desire to

file a Charge. *See Lukic v. Eisai Corp. of N. Am*, 919 F. Supp. 2d 936, 944, (W.D. Tenn. 2013). Second, the consistent use of the same Charge Number, presumably assigned by the EEOC upon receipt of a Charge, on all documentation from at least January 25, 2017 through the time of the Right to Sue Letter on October 10, 2017, supports plaintiff's contention that he did file a timely Charge of discrimination. Third, if plaintiff had not filed a a Charge before January 25, 2017 there would not have been anything to withdraw. The court finds there is sufficient evidence that plaintiff filed a Charge within 300 days from the day he was terminated.

For the reasons stated, defendant's motion to dismiss is DENIED. IT IS SO ORDERED.

Dated: September 18, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 18, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk